# Supreme Court of Florida

————

No. SC2023-0145

————

**IN RE: AMENDMENTS TO FLORIDA RULES OF APPELLATE PROCEDURE 9.148 AND 9.210.**

September 21, 2023

PER CURIAM.

The Florida Bar's Appellate Court Rules Committee filed a report proposing amendments to the Florida Rules of Appellate Procedure.[1]  The proposed amendments were unanimously approved by the Committee, except the proposed amendments to subdivisions (a)(2)(B) and (a)(2)(C) of rule 9.210 (Briefs), which were approved by a vote of 33-2-0.  The Florida Bar's Board of Governors unanimously approved the proposed amendments.  The Committee published the proposal and received one comment.  The proposal was updated based on the comment and unanimously approved.

---

    1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

After the Committee filed its report, the Court published the proposal and received one comment. In response to the comment, the Committee filed a response wherein it revised its proposal. Having considered the Committee's proposal, the comment filed, and the Committee's response, we hereby adopt the amendments to the Florida Rules of Appellate Procedure as proposed and revised by the Committee.

First, new rule 9.148 (Appeal Proceedings to Review Orders Under Florida Mental Health/Baker Act) is adopted. This new rule creates a procedure for appellate review of orders entered in Baker Act cases. This rule is created to eliminate any confusion related to the determination of what appellate rules govern review of these orders as they can stem from either civil or administrative proceedings. The new rule also addresses the need for an expedited review process and the confidential nature of records in these proceedings.

In addition, rule 9.210 is amended to address inconsistencies in references to word count limits, to remove specific word count and page limits for a reply/cross-answer brief, to include a reference to new rule 9.148, and to improve clarity in accord with *In*

*re Guidelines for Rules Submissions*, Florida Administrative Order No. AOSC22-78 (Oct. 24, 2022). Specifically, subdivisions (a)(2) and (a)(2)(E) currently refer only to the "page limits" when they should refer to the "word count or page limits." Additionally, in subdivisions (a)(2)(B) and (a)(2)(C), the requirement that a specific word count and/or page limit be devoted to the reply argument versus the cross-answer argument is removed as there is no corresponding requirement for the answer/cross-initial brief.

Accordingly, we amend the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Elaine D. Walter, Chair, Appellate Court Rules Committee, Miami, Florida, Hon. Andrew D. Manko, Past Chair, Appellate Court Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive

Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Howard L. "Rex" Dimmig, II, on behalf of the Florida Public Defender Association, Inc., Bartow, Florida,

Responding with comments

# APPENDIX

## RULE 9.148.    APPEAL PROCEEDINGS TO REVIEW ORDERS UNDER FLORIDA MENTAL HEALTH/BAKER ACT

**(a)    Applicability.** Appeal proceedings in cases under The Florida Mental Health Act, also called The Baker Act, sections 394.451–394.47892, Florida Statutes, will be as in civil cases except to the extent those rules are modified by this rule.

**(b)    Stay of Proceedings.** Except as provided by general law, a party seeking to stay a final or nonfinal order pending review must file a motion in the lower tribunal, which will have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A party may seek review of a lower tribunal's order entered under this rule by filing a motion in the court.

**(c)    Retention of Jurisdiction.** Transmission of the record to the court does not remove the jurisdiction of the lower tribunal to conduct judicial reviews or other proceedings related to the health and welfare of the patient pending appeal.

**(d)    References to Patient.** When the patient is a party to the appeal, the appeal must be docketed and any documents filed in the court must be titled with the initials, but not the name, of the patient and the court case number. All references to the patient in briefs, other documents, and the decision of the court must be by initials.

**(e)    Special Procedures and Time Limitations Applicable to Appeals of Orders in Florida Mental Health/Baker Act Proceedings.**

(1)    *Applicability.* This subdivision applies only to appeals of final orders to the district courts of appeal.

(2)    *The Record.* The record must be prepared in accordance with rule 9.200, except as modified by this subdivision.

(A)     Transcripts of Proceedings. The appellant must file any designation to the court reporter, including the name(s) of the individual court reporter(s), if applicable, with the notice of appeal. The designation must be served on the court reporter on the date of filing and must state that the appeal is from an order under The Florida Mental Health Act/Baker Act and that the court reporter must provide the transcript(s) designated within 20 days of the date of service. Within 20 days of the date of service of the designation, the court reporter must transcribe and file with the clerk of the lower tribunal the transcripts. If extraordinary reasons prevent the reporter from preparing the transcript(s) within the 20 days, the reporter must request an extension of time, must state the number of additional days requested, and must state the extraordinary reasons that would justify the extension.

(B)     Directions to the Clerk of the Lower Tribunal, Duties of the Clerk of the Lower Tribunal, Preparation and Transmission of the Record. Any directions to the clerk of the lower tribunal from the appellant must be filed with the notice of appeal. The clerk of the lower tribunal must electronically transmit the record to the court within 7 days after the date the court reporter files the transcript(s) or, if a designation to the court reporter has not been filed, within 7 days after the filing of the notice of appeal.

(3)     *Briefs.*

(A)     In General. Briefs must be prepared and filed in accordance with rule 9.210(a)–(e), (g), and (h).

(B)     Times for Service. The initial brief must be served within 20 days after service of the record on appeal. The answer brief must be served within 20 days after service of the initial brief. The reply brief, if any, must be served within 7 days after the service of the answer brief. In any appeal or cross-appeal, if more than 1 initial or answer brief is authorized, the responsive brief must be served within 20 days after the last initial brief or within 7 days after the last answer brief was served. If the last authorized initial or answer brief is not served, the responsive brief must be served within 20 days after the last authorized initial brief

or within 7 days after the last authorized answer brief could have been timely served.

(C)     *Anders* Briefs. Within the time required for service of the initial brief, counsel may file a brief stating that an appeal would be frivolous. Within 7 days of serving the brief, counsel must file a notice with the court certifying that counsel has forwarded a copy of the record and a copy of the transcript(s) of the proceedings to the appellant or that counsel is unable to forward a copy of the record and the transcript(s) of the proceedings after making diligent efforts. The court will independently review the record to discover any arguable issues apparent on the face of the record. On the discovery of an arguable issue, the court will order briefing on the issues identified by the court.

(4)     *Motions for Extensions of Time.* An extension of time will be granted only for extraordinary circumstances. The motion must state that the appeal is from an order under The Florida Mental Health Act/Baker Act and must set out the extraordinary circumstances that necessitate an extension, the amount of time requested, and the effect an extension will have on the progress of the case.

(5)     *Oral Argument.* A request for oral argument must be in a separate document served by a party not later than the time when the first brief of that party is due.

(6)     *Rehearing; Rehearing En Banc; Clarification; Certification; Issuance of Written Opinion.* Motions for rehearing, rehearing en banc, clarification, certification, and issuance of a written opinion must be in accordance with rules 9.330 and 9.331, except that no response to these motions is permitted unless ordered by the court.

(7)     *The Mandate.* The clerk of the district court of appeal must issue such mandate or process as may be directed by the court as soon as practicable.

**(f)     Expedited Review.** The court must give priority to appeals under this rule.

**RULE 9.210.   BRIEFS**

**(a)   Generally.** Unless otherwise ordered by the court, the only briefs permitted to be filed by the parties in any 1 proceeding are the initial brief, the answer brief, and a reply brief. A cross-reply brief is permitted if a cross-appeal has been filed or if the respondent identifies issues on cross-review in its brief on jurisdiction in the supreme court. All briefs required by these rules ~~shall~~must be prepared as follows:

(1)   The cover sheet of each brief ~~shall~~must state the name of the court, the style of the cause, including the case number if assigned, the lower tribunal, the party on whose behalf the brief is filed, the type of brief, and the name, address, and e-mail address of the attorney filing the brief.

(2)   Computer-generated briefs ~~shall~~must not exceed the word count limits of this subdivision. Handwritten or typewritten briefs ~~shall~~must not exceed the page limits of this subdivision. The word count or page limits for briefs ~~shall~~will be as follows:

(A)   Briefs on jurisdiction ~~shall~~must not exceed 2,500 words or 10 pages.

(B)   Except as provided in subdivisions (a)(2)(C) and (a)(2)(D) of this rule, the initial and answer briefs ~~shall~~must not exceed 13,000 words or 50 pages and the reply brief ~~shall~~must not exceed 4,000 words or 15 pages. If a cross-appeal is filed or the respondent identifies issues on cross-review in its brief on jurisdiction in the supreme court, the appellee or respondent's answer/cross-initial brief ~~shall~~must not exceed 22,000 words or 85 pages, and the appellant or petitioner's reply/cross-answer brief ~~shall~~must not exceed 13,000 words or 50 pages~~, not more than 4,000 words or 15 pages of which shall be devoted to argument replying to the answer portion of the appellee or respondent's answer/cross-initial brief~~. Cross-reply briefs ~~shall~~must not exceed 4,000 words or 15 pages.

(C)   In an appeal from a judgment of conviction imposing a sentence of death or from an order ruling after an

evidentiary hearing on an initial postconviction motion filed under Florida Rule of Criminal Procedure 3.851, the initial and answer briefs ~~shall~~must not exceed 25,000 words or 100 pages and the reply brief ~~shall~~must not exceed 10,000 words or 35 pages. If a cross-appeal is filed, the appellee's answer/cross-initial brief ~~shall~~must not exceed 40,000 words or 150 pages and the appellant's reply/cross-answer brief ~~shall~~must not exceed 25,000 words or 100 pages~~, not more than 10,000 words or 35 pages of which shall be devoted to argument replying to the answer portion of the appellee's answer/cross-initial brief~~. Cross-reply briefs ~~shall~~must not exceed 10,000 words or 35 pages.

(D)　In an appeal from an order summarily denying an initial postconviction motion filed under Florida Rule of Criminal Procedure 3.851, a ruling on a successive postconviction motion filed under Florida Rule of Criminal Procedure 3.851, a finding that a defendant is intellectually disabled as a bar to execution under Florida Rule of Criminal Procedure 3.203, or a ruling on a motion for postconviction DNA testing filed under Florida Rule of Criminal Procedure 3.853, the initial and answer briefs ~~shall~~must not exceed 75 pages. Reply briefs ~~shall~~must not exceed 25 pages.

(E)　The cover sheet, the tables of contents and citations, the certificates of service and compliance, and the signature block for the brief's author ~~shall be~~are excluded from the word count ~~and~~or page limits in subdivisions (a)(2)(A)–(a)(2)(D). For briefs on jurisdiction, the statement of the issues also ~~shall~~will be excluded from the word count or page limits in subdivision (a)(2)(A). All pages not excluded from the computation ~~shall~~must be consecutively numbered. The court may permit longer briefs.

(3)　[No Change]

**(b)　Contents of Initial Brief.** The initial brief ~~shall~~must contain the following, in order:

(1) - (2)　[No Change]

(3)　a statement of the case and of the facts, which ~~shall~~must include the nature of the case, the course of the

proceedings, and the disposition in the lower tribunal, with references to the appropriate pages of the record or transcript;

(4) - (8)     [No Change]

**(c)     Contents of Answer Brief.** The answer brief ~~shall~~must be prepared in the same manner as the initial brief, provided that the statement of the case and of the facts may be omitted, if the corresponding section of the initial brief is deemed satisfactory. If a cross-appeal has been filed or the respondent identifies issues on cross-review in its brief on jurisdiction in the supreme court, the answer brief ~~shall~~must include the issues presented in the cross-appeal or cross-review, and argument in support of those issues.

**(d)     Contents of Reply Brief.** The reply brief ~~shall~~must contain argument in response and rebuttal to argument presented in the answer brief. A table of contents, a table of citations, a certificate of service, and, for computer-generated briefs, a certificate of compliance ~~shall~~must be included in the same manner as in the initial brief.

**(e)     Contents of Cross-Reply Brief.** The cross-reply brief is limited to rebuttal of argument of the cross-appellee. A table of contents, a table of citations, a certificate of service, and, for computer-generated briefs, a certificate of compliance ~~shall~~must be included in the same manner as in the initial brief.

**(f)     Contents of Briefs on Jurisdiction.** Briefs on jurisdiction, filed ~~pursuant to~~under rule 9.120, ~~shall~~must contain a statement of the issues, a statement of the case and facts, the argument, the conclusion, a table of contents, a table of citations, a certificate of service, and, for computer-generated briefs, ~~shall~~must also include a certificate of compliance in the same manner as provided in subdivisions (a) and (b) of this rule. In the statement of the issues, petitioner ~~shall~~must identify any issues independent of those on which jurisdiction is invoked that petitioner intends to raise if the court grants review. Respondent, in its statement of the issues, ~~shall~~must clearly identify any affirmative issues, independent of those on which jurisdiction is invoked and independent of those raised by petitioner in its statement of the

issues, that respondent intends to raise on cross-review if the court grants review.

**(g)** **Times for Service of Briefs.** The times for serving jurisdiction and initial briefs are prescribed by rules 9.110, 9.120, 9.130, ~~and~~ 9.140<u>, and 9.148</u>. Unless otherwise required, the answer brief ~~shall~~<u>must</u> be served within 30 days after service of the initial brief; the reply brief, if any, ~~shall~~<u>must</u> be served within 30 days after service of the answer brief; and the cross-reply brief, if any, ~~shall~~<u>must</u> be served within 30 days thereafter. In any appeal or cross-appeal, if more than 1 initial or answer brief is authorized, the responsive brief ~~shall~~<u>must</u> be served within 30 days after the last initial or answer brief was served. If the last authorized initial or answer brief is not served, the responsive brief ~~shall~~<u>must</u> be served within 30 days after the last authorized initial or answer brief could have been timely served.

**(h)** [No Change]

## Committee Notes

[No Change]

## Court Commentary

[No Change]